UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER JOHN LIGHT, <br> Individually and as legal guardian <br> of Christopher Clyde Light <br><br> and <br><br> SARAH LIGHT, <br> As legal guardian of Christopher <br> Clyde Light <br><br> Plaintiffs, <br><br> vs. <br><br> BRANSON VACATION INN, LLC <br> **Serve at:** <br> Attn: Xiaowen Gao <br> 310 State Hwy 165 <br> Branson, Missouri 65616 <br><br> Defendant. | Case No. _____ |

## COMPLAINT

**COMES NOW** Plaintiffs Christopher John Light and Sarah Light, by and through their undersigned counsel, and for their Petition against Defendant Branson Vacation Inn, LLC, states and avers to the Court as follows:

1. Plaintiffs are residents of Rover, Yell County, Arkansas.

2. Defendant is a limited liability company registered and doing business in the State of Missouri.

3. Plaintiffs bring this action against Defendant pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the enforcement provision contained therein, 42 U.S.C. § 12188.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Defendant conducts business and maintains its principal place of business in this judicial district, and the events giving rise to this claim occurred in this judicial district, such that venue is proper pursuant to 28 U.S.C. § 1391.

6. Plaintiffs' claims are authorized by 28 U.S.C. §§ 2201 and 2202.

7. Christopher Clyde Light ("Mr. Light") is an individual with a mobility impairment that requires use of a wheel chair at all times.

8. Plaintiffs are the parents and legal guardians of Mr. Light.

9. Defendant owns and operates Branson Vacation Inn and Suites ("Hotel"), located at 310 State Highway 165, Branson, Missouri.

10. Plaintiffs and Mr. Light were guests at Defendant's Hotel on or about May 27, 2016.

11. Prior to staying at Defendant's Hotel, Plaintiff Christopher J. Light, made a reservation for a room at the Hotel.

12. When making the aforesaid reservation, Plaintiff Christopher J. Light informed Defendant that Mr. Light had a disability, used a wheelchair, and desired to use the Hotel's pool during his visit.

13. Plaintiff Christopher J. Light was assured by Defendant that an accessible pool existed on the premises and encouraged Plaintiffs to stay at Defendant's Hotel.

14. Upon visiting the Hotel on or about May 27, 2016, Plaintiffs discovered that Mr. Light could not use the pool due to an inaccessible pathway leading thereto, and due to lack of a lift, ramp, or other accommodation whereby Mr. Light could enter the pool.

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

**COME NOW** Plaintiffs Christopher John Light and Sarah Light, in their capacity as legal guardians of Christopher Clyde Light, and for Count I of this Complaint state and aver to the Court as follows:

15. Plaintiff incorporates by reference all prior paragraphs of Plaintiffs' Complaint as if fully set forth herein.

16. Due to Mr. Light's aforementioned physical impairment, Mr. Light is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

17. Defendant's Hotel is an inn, hotel, motel, or other place of lodging, such that it is a place of public accommodation as defined by 42 U.S.C. § 12181.

18. Defendant, in operating its Hotel, must comply with the ADA.

19. At the time of the aforementioned visit, Mr. Light was subject to discrimination by Defendant on the basis of his disability.

20. Specifically, Defendant discriminated against Mr. Light on the basis of his disability by denying Mr. Light the full and equal enjoyment of the Defendant's Hotel.

21. Defendant further discriminated against Mr. Light by allowing architectural barriers to exist and remain on the premises, including but not limited to:

   a. The lack of an accessible route to the outdoor facilities, including the outdoor patio, bar-b-que areas, and outdoor pool; and

   b. The lack of access to the swimming pool by lift, ramp, or other means.

22. Defendant, through its policies and conduct as further described above, has violated the ADA by discriminating against Mr. Light on the basis of his disability, which is prohibited by 42 U.S.C. § 12182(a).

23. Defendant has also violated the ADA by failing to make reasonable modifications to its policies, practices, and procedures in order to afford the goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii).

**WHEREFORE**, Plaintiffs Christopher John Light and Sarah Light pray this Court assume jurisdiction, issue an injunction enjoining Defendant from continuing its discrimination, and award Plaintiffs attorney's fees and such other and further relief as may be just and proper in the premises.

## COUNT II – FRAUDULENT MISREPRESENTATION

**COMES NOW** Plaintiff Christopher John Light, in his individual capacity, and for Count II of this Complaint states and avers to the Court as follows:

24. Plaintiff incorporates by reference all prior paragraphs of Plaintiffs' Complaint as if fully set forth herein.

25. Defendant represented to Plaintiff that Defendant's Hotel was ADA compliant and fully accessible to an individual with a disability.

26. Defendant further represented that Mr. Light would be able to access and use the pool located at Defendant's Hotel.

27. This representation was false, because in truth and in fact Defendant's Hotel was not ADA complaint, was not fully accessible to an individual with a disability,

4

lacked an accessible route to the outdoor facilities, and lacked access to the swimming pool by lift, ramp, or other means.

28. In making his reservation to stay at Defendant's Hotel, Plaintiff relied on Defendant's representations, and specifically chose to stay at Defendant's Hotel because it allegedly had an accessible pool.

29. At the time Defendant made the aforesaid representations to Plaintiff, Defendant knew they were false, or did not know whether they were true or false.

30. Defendant made the aforesaid representations with the intent that they be acted on by Plaintiff, specifically, that Plaintiff would reserve a room and stay at Defendant's Hotel.

31. Plaintiff did not know, at the time the representation was made by Defendant, that the representation was false.

32. Plaintiff had a right to rely on Defendant's representation because it was a specific representation made by Defendant in order to induce action by Plaintiff on a matter on which Defendant had superior knowledge.

33. As a direct and proximate result of Defendant's misrepresentation, Plaintiff was injured in an exact amount of which is to be ascertained at trial.

**WHEREFORE**, Plaintiff Christopher John Light, in his individual capacity, prays this Court enter judgment against Defendant in such a sum as is fair and reasonable, together with costs incurred herein, and for such other and further relief as the Court deems just and proper in the premises.

Respectfully Submitted,

LOWTHER JOHNSON
Attorneys at Law, LLC

BY: */s/ Kory D. Stubblefield*

Kory D. Stubblefield
Missouri Bar Number 58979
Lynsey R. Coffey
Missouri Bar Number 69312
901 St. Louis Street, 20th Floor
Springfield, MO 65806
Telephone: 417-866-7777
Fax: 417-866-1752
kory@lowtherjohnson.com
Attorneys for Plaintiffs